FREEMAN, F. M. C. *vs.* WATTS, SHERIFF, &c.

APPEAL FROM THE COURT OF THE EIGHTH JUDICIAL DISTRICT, FOR THE
PARISH OF LIVINGSTON, JUDGE JONES, OF THE DISTRICT, PRESIDING.

The sheriff is without authority to seize and sell immoveable property or
slaves, under execution issuing from the court of a justice of the peace,
when the sum to be made, is *less* than fifty dollars.

The fact of the defendant in the execution, pointing out immoveable
property, will not authorize the sheriff to sell, though it may to distrain
and hire, or farm it out.

This suit commenced by injunction. The plaintiff alleges,
that he is the owner of a lot of ground in the town of Spring-
field, in the parish of Livingston, which he alleges the
defendant, as sheriff of said parish, has illegally seized under
an execution from a justice's court, for twenty-five dollars
against him, and which he positively asserts issued without
any legal authority. He prays for an injunction against the
sheriff, who he demands, may be perpetually enjoined from
proceeding any further.

The defendant pleaded a general denial, and prayed that
the injunction be dissolved, with damages.

It appears from the evidence that one Shipler obtained a
judgment before one of the justices of the peace, against

Freeman, for twenty-five dollars and costs, on the 17th May, 1837. An appeal was taken to the Parish Court the 1st of June following, and was dismissed by consent, in consequence of some arrangement. Execution, however, issued the 31st August following, in virtue of which the lot of ground mentioned was seized.

There was judgment dismissing the injunction, and the plaintiff appealed.

*Curry,* representing the defendant and appellee, made the following points :

1. The injunction was dismissed. The only error is, that it should have been *dissolved,* with full interest and damages, according to the act of 1831.

2. The evidence shows that the execution issued properly, for although it was attempted to be shown that the judgment was paid in part and settled, yet it is evident it remained unsatisfied ; therefore, the lot was legally seized, and nothing short of actual payment could stop the sale.

3. The injunction was wrongfully obtained, in every respect. Even if there had been good grounds, the plaintiff in execution (Shipler) should have been made a party with the sheriff.

No counsel appeared for the plaintiff.

*Simon, J.,* delivered the opinion of the court.

Plaintiff alleges, that he is the owner of a lot of ground in the town of Springfield, which has been illegally seized, and is on the eve of being sold by defendant, as sheriff of the parish of Livingston, on an execution issued against him from a justice's court, for twenty-five dollars. He asserts that the writ issued without any legal authority, there being no judgment on which the same could be predicated ; and he prays for an injunction, for five hundred dollars damages, and for general relief.

The District Court dissolved the injunction, gave judgment against plaintiff for costs ; from which judgment he appealed.

EASTERN DIST.
June, 1840.

FREEMAN, F.M.C.
vs.
WATTS, SHERIFF,
ETC.

EASTERN DIST.
June, 1840.

FREEMAN, F.M.C.
vs.
WATTS, SHERIFF,
ETC.

The proceedings had before the magistrate were produced in evidence, and show that a judgment was obtained for twenty-five dollars and costs, against the present plaintiff. An appeal was taken to the Parish Court, and dismissed by consent. The return of the sheriff, who is the only defendant in this suit, shows that he seized the lot of ground in question, by virtue of an execution issued on said judgment. We are of opinion that, although the defendant has shown the judgment and execution by virtue of which he acted, he has not shown enough to satisfy us that he was legally authorized to sell the property which he had seized; and we think, also, that although the plaintiff has, in his petition, limited his allegations to a want of authority in the defendant, as resulting from the absence of a judgment, we ought not to permit the sheriff to sell the property, if, from the law itself, it is clear he has no such authority.

According to articles 1140, 1144 and 1145, of the Code of Practice, a judgment rendered by a justice of the peace, if no moveable property be found to satisfy it, cannot be made out of the sale of the slaves and real property belonging to the debtor; but such slaves and immoveable property are to be distrained, and hired or farmed under the direction of the magistrate, for a sufficient amount to pay the creditor's judgment. The only exceptions to this rule are, when the judgment amounts to fifty dollars, or upwards, in principal, interest and costs, or when several creditors have obtained judgments, which, together, would exceed that sum. *Code of Practice, articles* 1146 and 1147. In this case, the judgment to be satisfied in principal, interest and costs, does not amount to fifty dollars; and the defendant had, therefore, no authority to sell the lot. We do not think that the fact of the plaintiff's pointing out said lot to the sheriff, though perhaps sufficient to authorize him to distrain it, without previously attempting to seize and sell moveable property, could permit him to sell it. The district judge erred in dissolving the injunction.

It is, therefore, ordered, adjudged and decreed, that the

The sheriff is without authority to seize and sell immoveable property or slaves, under execution issuing from the court of a justice of the peace, when the sum to be made is *less* than fifty dollars.

The fact of the defendant in the execution pointing out immoveable property, will not authorize the sheriff to sell, though it may to distrain and hire or farm it out.

judgment of the District Court be annulled, avoided and reversed, and that the injunction be made perpetual, with costs in both courts.